# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY LOPEZ, | ) | 1:10-cv-00390-OWW--JLT HC |
| | ) | |
|       Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | AMENDED PETITION SHOULD NOT BE |
| v. | ) | DISMISSED AS CONTAINING |
| | ) | UNEXHAUSTED CLAIMS |
| | ) | |
| MICHAEL MARTEL, | ) | ORDER DIRECTING PETITIONER TO FILE A |
| | ) | RESPONSE WITHIN THIRTY DAYS |
|       Respondent. | ) | |

    Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

    The instant petition, challenging Petitioner's 2007 conviction in the Tulare County Superior Court and subsequent twelve year sentence, was filed on January 25, 2010. (Doc. 1). On March 19, 2010, Petitioner filed a first amended petition alleging as follows: (1) the prosecution failed to disclose exculpatory evidence, thus depriving Petitioner of a fair trial; (2) Petitioner's conviction was obtained by violation of a statute that was unconstitutionally vague and overbroad; (3) Petitioner's Sixth Amendment right to a fair trial by jury was denied due to juror misconduct, i.e., a juror making false statements during voir dire; and (4) Petitioner's constitutional rights were violated when his conviction was obtained by an unconstitutional amendment to an indictment. (Doc. 14, pp. 4-5).

A preliminary review of the Petition, however, reveals that some or all of Petitioner's claims may be unexhausted.

### A. Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

### B. Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States

Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, Petitioner has attached to his amended petition a copy of the Petition for Review filed by his appellate counsel in the California Supreme Court as part of Petitioner's direct appeal of the Tulare County Superior Court conviction. (Doc. 14, Ex. I). That Petition for Review establishes that Petitioner *only* presented two issues to the California Supreme Court: (1) whether the trial court erred when it denied appellant's motion for a new trial on the grounds of prejudicial juror misconduct; and (2) whether substantial evidence supports Petitioner's conviction. (Id.). Petitioner does not allege that he has filed any state habeas petitions in the California Supreme Court to exhaust additional claims beyond those contained in the Petition for Review.  Accordingly, on the present record, these two claims are the only claims Petitioner has

exhausted in state court.[1]

From the foregoing, it is patent that Petitioner has failed to exhaust any of the grounds outlined in the amended petition.[2] The Court cannot consider a petition, such as here, that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760. The Court must dismiss fully unexhausted petitions because Petitioner has not presented his claims for federal relief to the California Supreme Court. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). Indeed, the Court must dismiss a petition that contains unexhausted claims, *even if it also contains exhausted claims*. Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon, 107 F.3d at 760.

However, before dismissing the Petition, the Court will afford Petitioner an opportunity to present any additional evidence or documentation that he has in fact presented the four claims in his amended petition to the California Supreme Court. Should it be the case that some or all of those claims *were* exhausted, Petitioner should make clear *when and in what court* the claims were raised. If possible, Petitioner should present to the Court documentary evidence that the

---

[1] After the Petition for Review was denied, Petitioner filed a letter brief with the California Supreme Court entitled "Notice and Motion of Objection to Denial of Petition for Review." (Doc. 14, Ex. K). The Court has confirmed this by accessing the California courts' electronic database, which indicates that although the letter brief was filed, the California Supreme Court took no action upon it. The Court has serious misgivings about whether a habeas claim can be "fairly presented" to the California Supreme Court in such a letter that has no procedural legitimacy and was apparently disregarded by the state high court. Nevertheless, it need not address that issue since, in the letter itself, Petitioner does not appear to raise any additional claims, but, instead, simply "reasserts the grounds and issues raised" in his Petition for Review. (Doc. 14, Ex. K, p. 5). Accordingly, the letter brief is irrelevant to the Court's analysis of this exhaustion issue.

[2] In his amended petition, Petitioner contends that his constitutional rights were violated by juror misconduct, when a juror gave false and misleading information during the course of jury selection. In the Petition for Review, his appellate counsel raised the issue of error in *the denial of Petitioner's motion for new trial* based on juror misconduct. Although the difference may appear slight to Petitioner, these are two distinctly different claims. The former involves a huge body of constitutional jurisprudence relating to juror misconduct; the latter relates specifically to California's legal standard for granting a new trial. For exhaustion purposes, they are separate claims. The only claim that has been exhausted in the California Supreme Court is the denial of the motion for new trial. The issue of a constitutional violation for juror misconduct has never been presented to the California Supreme Court, and is therefore unexhausted.

1 claims were indeed presented to the California Supreme Court.[3]

2     If the amended petition does contain unexhausted and unexhausted claims, Petitioner
3 may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims.
4 Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("habeas litigants must have opportunity
5 to amend their mixed petitions by striking unexhausted claims as an alternative to suffering
6 dismissal").

7     Petitioner may also move to voluntarily withdraw the entire Petition and return to federal
8 court only when he has finally exhausted his state court remedies as to all of his claims.
9 Petitioner should bear in mind, however, that there exists a one year statute of limitations
10 applicable to federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1); Ford, 305 F.3d at 885-885.
11 In most cases, the one year period starts to run on the date the California Supreme Court denied
12 Petitioner's direct review. See id. Although the limitations period tolls while a properly filed
13 request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for
14 the time an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

15     Finally, Petitioner can do nothing and risk dismissal of the entire Petition should the
16 Court conclude that some or all of the claims in the amended petition are unexhausted.

17     Accordingly, the Court HEREBY ORDERS:

18     1.    Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of
19         service of this Order why the Petition should not be dismissed for failing to
20         exhaust state court remedies.

21     Petitioner is forewarned that his failure to comply with this order may result in a
22 Recommendation that the Petition be dismissed pursuant to Local Rule 110.

23

24 IT IS SO ORDERED.

25 Dated: **April 29, 2010**                            /s/ Jennifer L. Thurston
26                                                   UNITED STATES MAGISTRATE JUDGE

---

27     [3] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion. The
28 proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.