UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LOPEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL MARTEL, Warden,<br><br>　　　　　Respondent. | 1:10-cv-00390-OWW-JLT HC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR STAY OF PROCEEDINGS ON PETITION FOR WRIT OF HABEAS CORPUS (Doc. 17)<br><br>ORDER GRANTING LEAVE FOR PETITIONER TO FILE SECOND AMENDED PETITION (Doc. 18)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE LODGED AMENDED PETITION FOR WRIT OF HABEAS CORPUS (Doc. 18)<br><br>ORDER DIRECTING CLERK OF COURT TO ADMINISTRATIVELY CLOSE CASE<br><br>ORDER DIRECTING PETITIONER TO FILE REGULAR STATUS REPORTS<br><br>ORDER DIRECTING PETITIONER TO NOTIFY COURT WITHIN THIRTY DAYS OF ANY FINAL ORDER REGARDING EXHAUSTION |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner originally filed his federal petition on January 25, 2010 in the Sacramento Division of this Court. (Doc. 1). On March 5, 2010, the case was transferred to the Fresno Division. (Doc.

8). On March 19, 2010, Petitioner filed a first amended petition raising four claims: (1) failure of prosecutor to disclose exculpatory evidence; (2) statute under which Petitioner was convicted was unconstitutional; (3) Petitioner's Sixth Amendment rights were violated by juror misconduct; and (4) Petitioner's constitutional rights were violated when his conviction was obtained by an unconstitutional amendment to an indictment. (Doc. 14, pp. 4-5).

On April 29, 2010, the Court issued an Order to Show Cause why the petition should not be dismissed because it contained no exhausted claims. (Doc. 16). On May 17, 2010, Petitioner filed the instant motion to stay and also lodged a second amended petition containing two claims: (1) the trial court's denial of a motion for a new trial based on juror misconduct violated Petitioner's federal constitutional rights; and (2) insufficient evidence was presented to support the conviction. (Doc. 18). Both of these claims are exhausted as they were presented to the California Supreme Court in a Petition for Review during Petitioner's direct appeal. (Doc. 14, pp. 326-327).

## DISCUSSION

A. <u>Leave To File Second Amended Petition</u>.

As a preliminary matter, the Court must address whether to permit Petitioner to file the lodged second amended petition. In so doing, the Court construes Petitioner's lodging of a second amended petition as an implied motion to file a second amended petition, and, so construed, grants the motion.

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course" and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. <u>Calderon v. United States District Court (Thomas)</u>, 144 F.3d 618, 620 (9th Cir. 1998); <u>Bonn v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a). Here, Petitioner filed his original petition on January 25, 2010. He then filed a first amended petition on March 19, 2010. (Doc. 14). Thus, leave of Court would be required for filing a second amended petition.

In deciding whether to allow an amendment, the Court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously

1  amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 844-45 (9th Cir.1995) (applying Rule 15(a)
2  in a habeas case). Here, no bad faith is apparent from the record. Moreover, Petitioner appears to
3  have proceeded with reasonable haste in filing his first amended petition as well as his lodged second
4  amended petition. Since the second amended petition contains only exhausted claims, the
5  amendment sought by Petitioner cannot be deemed "futile." Finally, although Petitioner has
6  previously amended his petition, under the circumstances recounted above, the Court finds that the
7  Bonin requirements have been substantially met and therefore Petitioner's implied motion to amend
8  should be granted. The Clerk of the Court will be directed to file the lodged second amended
9  petition.

      B.  <u>Legal Framework For Staying Habeas Proceedings</u>.

11        Traditionally, a district court has had the discretion to stay a petition which it may validly
12  consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th
13  Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002
14  (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte
15  blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a
16  stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in
17  order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper
18  for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance
19  in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small,
20  315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James
21  v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

22        Notwithstanding the foregoing, until recently, federal case law continued to require that the
23  Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy,
24  455 U.S. 509 (1982). That changed with the United States Supreme Court's decision in Rhines v.
25  Weber, 544 U.S. 269 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-
26  year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court
27  with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 276-277. In so holding, the Supreme Court noted that the procedure should be "available only in limited circumstances." 544 U.S. at 277. Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005). When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Rhines, 544 U.S. at 278.

In a ruling subsequent to Rhines, the Ninth Circuit re-affirmed the vitality of *both* the Rhines two-step stay procedure as well as the Kelly three-step stay procedure:

> Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them in state court. In contrast, the three-step procedure outlined in Kelly allows the stay of fully exhausted petitions, requiring that the unexhausted claims be dismissed.

King v. Ryan, 564 F.3d 1133, 1139-1140 (9th Cir. 2009).

There are, however, significant distinctions between the two procedures. First, claims exhausted during a Rhines stay are not subject to timeliness challenges since the mixed petition remains pending throughout the stay procedure. Id. at p. 1140. In contrast, any claim exhausted during a Kelly stay must "relate back" to the claims in the original petition under the doctrine set forth in Mayle v. Feliz, 545 U.S. 644 (2005), or else be timely filed under the AEDPA's one-year statute of limitation. Id. Additionally, petitioners seeking to avail themselves of a Rhines stay must make the additional showing of good cause, something not required under Kelly. Id. at 1143.

Here, in his motion for a stay, Petitioner expressly invokes the Kelly procedure, indicating that his lodged amended petition has deleted all unexhausted claims and the remaining two claims are fully exhausted. (Doc. 17, p. 5). Because the second amended petition, which by this order is deemed to be the operative pleading, is not a mixed petition and contains only exhausted claims, the Kelly option is appropriate:

"<u>Rhines</u> applies to stays of *mixed* petitions, whereas the [<u>Kelly</u>] three-step procedure applies to stays of *fully exhausted* petitions...."

<u>King</u>, 564 F. 3d at 1140, *quoting* <u>Jackson v. Roe</u>, 425 F. 3d 654, 661 (9th Cir. 2005). (Emphasis in original).

As mentioned above, a petitioner seeking a stay under <u>Kelly</u>, as distinct from <u>Rhines</u>, need not make a showing of good cause. <u>King</u>, 564 F.3d at 1143. Accordingly, since Petitioner has sought and been granted leave to withdraw the unexhausted claims and proceed only on the exhausted claims, and has therefore otherwise met the requirements of <u>Kelly</u>, the Court will grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies.

However, the Court will not indefinitely hold the petition in abeyance. <u>See Taylor</u>, 134 F.3d at 988 n. 11. No later than thirty (30) days after the date of service of this Order, Petitioner must inform the Court of the status of the habeas proceedings in state court, including the dates his cases were filed, the case numbers, and any outcomes.[2] Further, Petitioner must proceed diligently to pursue his state court remedies. Every sixty (60) days after the filing of the initial status report Petitioner must file a *new* status report regarding the status of his state court habeas corpus proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days within which to notify the Court that he has completed his exhaustion process in state court. At that point, the Court will issue a new briefing schedule regarding the claims in the instant petition. **Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order**. <u>Kelly</u>, 315 F.3d at 1071.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 17), is GRANTED;

2. Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's state remedies;

---

[2] The filing should be entitled "Status Report."

1    3. Petitioner is DIRECTED **to file a status report within thirty (30) days** of the date of
2    service of this order, advising the Court of the status of all pending habeas proceedings filed
3    in state court, the dates when such cases were filed, and any outcomes;

4    4. Petitioner is DIRECTED **to file a <u>new</u> status report every sixty (60) days** after the filing
5    of the initial status report; and

6    5. Petitioner is DIRECTED to notify the Court within thirty (30) days of any ***final order*** of
7    the state courts regarding his exhaustion efforts;

8    6. Petitioner's lodged amended petition (Doc. 18), is construed as a motion to file an
9    amended petition, and, so construed, is GRANTED;

10    7. The Clerk of the Court is DIRECTED to FILE the lodged second amended petition (Doc.
11    18); and,

12    8. The Clerk of the Court is DIRECTED to ADMINISTRATIVELY CLOSE the case.  The
13    Court will direct the Clerk of the Court to re-open the case when and if the stay is lifted.

15    IT IS SO ORDERED.

16    Dated:   **June 24, 2010**                       ***/s/ Jennifer L. Thurston***
                                                           UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California
6