# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LOPEZ,<br><br>    Petitioner,<br><br>v.<br><br>MICHAEL MARTEL, Warden,<br><br>    Respondent. | 1:10-cv-00390-OWW-JLT HC<br><br>ORDER REQUIRING PETITIONER TO FILE AN AMENDED PETITION THAT CONTAINS ALL PREVIOUSLY EXHAUSTED AND NEWLY EXHAUSTED CLAIMS<br><br>THIRTY DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO ADMINISTRATIVELY RE-OPEN CASE<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A BLANK FORM FOR FILING A § 2254 PETITION |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner originally filed his federal petition on January 25, 2010 in the Sacramento Division of this Court. (Doc. 1). On March 5, 2010, the case was transferred to the Fresno Division. (Doc. 8). On March 19, 2010, Petitioner filed a first amended petition raising four claims: (1) failure of prosecutor to disclose exculpatory evidence; (2) statute under which Petitioner was convicted was unconstitutional; (3) Petitioner's Sixth Amendment rights were violated by juror misconduct; and (4) Petitioner's constitutional rights were violated when his conviction was obtained by an

unconstitutional amendment to an indictment.  (Doc. 14, pp. 4-5).

On April 29, 2010, the Court issued an Order to Show Cause why the petition should not be dismissed because it contained no exhausted claims.  (Doc. 16).  On May 17, 2010, Petitioner filed a motion to stay and also lodged a second amended petition containing two claims: (1) the trial court's denial of a motion for a new trial based on juror misconduct violated Petitioner's federal constitutional rights; and (2) insufficient evidence was presented to support the conviction.  (Doc. 18).  Both of these claims are exhausted as they were presented to the California Supreme Court in a Petition for Review during Petitioner's direct appeal.  (Doc. 14, pp. 326-327).

On June 25, 2010, the Court granted Petitioner's motion for stay of proceedings while he exhausts additional claims.  (Doc. 19).  As part of that order, the case was been administratively closed and Petitioner was ordered to file regular status reports regarding his efforts to exhaust the unexhausted claims.  On September 20, 2011, Petitioner notified this Court that he had received an order from the California Supreme Court denying his state habeas petition on August 31, 2011, thereby fully exhausting the previously unexhausted claims.  (Doc. 32).  Petitioner requests the issuance of a new scheduling order.  Accordingly, the Court will issue the following scheduling order and, once the amended petition is filed, will conduct a preliminary screening of that amended petition to determine if Respondent should be ordered to file a response.

## **ORDER**

Accordingly, it is HEREBY ORDERED:

1) Within thirty days of the date of mailing of this order, Petitioner SHALL file an Amended Petition that includes all claims, both previously exhausted and newly exhausted, that he wishes this Court to consider.  Petitioner is cautioned that all grounds for relief must raise cognizable federal claims.  The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury.  Petitioner is advised that the form petition must set forth all claims for relief, including the facts and arguments in support of those claims.  **Petitioner should also note that every pleading to which an amendment is permitted must be retyped or rewritten and filed so that**

1       **it is complete in itself without reference to the prior or superseded pleading**.

2       Local Rule 220;

3   2)   The Clerk of the Court is DIRECTED to administratively re-open this case; and,

4   3)   The Clerk of Court is DIRECTED to send Petitioner a blank form petition for federal

5       prisoners filing pursuant to § 2254.

6   Petitioner is forewarned that his failure to comply with this order may result in a

7 Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **December 8, 2011**                           /s/ **Jennifer L. Thurston**
                                                                            UNITED STATES MAGISTRATE JUDGE